IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| ANANT KUMAR TRIPATI #102081, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 3:16-cv-00076 |
| | ) |
| CORIZON INC., et al., | ) JUDGE TRAUGER |
| | ) |
| Defendants. | ) |

### ORDER

Plaintiff Anant Kumar Tripati, an inmate of the Arizona Department of Corrections, has filed a *pro se* complaint for alleged violation of his civil rights pursuant to 42 U.S.C. § 1983 (ECF No. 1), and has now paid the full filing fee. (ECF No. 21.)

The court at this point would ordinarily conduct an initial review of the plaintiff's complaint under the PLRA, 42 U.S.C. § 1997e. In this case, however, an initial perusal of the complaint reveals that venue properly lies in the United States District Court for the District of Arizona.

The plaintiff's complaint is brought under 42 U.S.C. § 1983 and therefore invokes federal-question jurisdiction. Venue in federal-question cases lies in the district in which any defendant resides or in which a substantial part of the events or omissions giving rise to the claim occurred. 28 U.S.C. § 1391(b). Even if an action is originally filed in a proper judicial district, a district court may transfer the action to any other district where it might have been brought "for the convenience of the parties and witnesses, [and] in the interests of justice." 28 U.S.C. § 1404(a). A district court may transfer an action *sua sponte*, *Carver v. Knox County, Tenn.*, 887 F.2d 1287, 1291 (6th Cir. 1989), and the decision to transfer an action lies within the sound discretion of the district court. *Norwood v. Kirkpatrick*, 349 U.S. 29, 32 (1955).

The instant complaint is brought against 11 defendants located in Tennessee, and 10 known and 100 unknown defendants located in Arizona, for allegedly violating the plaintiff's

constitutional rights by denying/deferring treatment of his serious medical needs in Arizona. (ECF No. 1, at 2, 7.) The plaintiff alleges that the Tennessee defendants are responsible for the policies underlying the denial of treatment, but it is clear that the plaintiff's actual medical care (or lack thereof) and all the witnesses to it, including the plaintiff himself, are in Arizona. In these circumstances, venue is clearly more appropriate in the District of Arizona. 28 U.S.C. § 82; 28 U.S.C. § 1404(a); *see also Audi AG and Volkswagen of America, Inc. v. D'Amato*, 341 F.Supp.2d 734, 749 (E.D. Mich. 2004) (identifying relevant factors in transfer analysis). Although a plaintiff's choice of forum is generally given deference, that choice may be defeated, especially in cases such as this one, where the plaintiff has no connection to the chosen forum. *See D'Amato*, 341 F.Supp.2d at 749–50.

Accordingly, **IT IS ORDERED** that this case be transferred to the United States District Court for Arizona, Tucson Division, pursuant to 28 U.S.C. § 1404(a). The court notes again that it has not reviewed the plaintiff's complaint under the PLRA, and his complaint and pending motions are more appropriately reviewed by the transferee court.

It is so **ORDERED**.

_____
Aleta A. Trauger
United States District Judge